Gaston, Judge.
This bill is filed by the administrator with the will annexed of James Whedbee, to obtain the advice of the Court on several questions arising under the will of his testator, which are likely to produce controversies, and delay a settlement of the estate. The first of these is, whether the bequest of one thousand dollars to the testator’s wife be a vested or contingent legacy. Questions of this kind are frequently very perplexing, and with a view to the determination of them with uniformity, the Courts have established rules involving refined and almost verbal distinctions, but a'll designed to eviscerate and to execute the intention of the testator. If it be his purpose to pass an immediate interest to the legatee, postponing only the time of enjoyment, then is the legacy vested. But if it be to render the title to the legacy dependent on the event of the legatee being in a condition to receive it when due, the legacy is contingent. The will which we are called upon to expound is exceedingly inartificial and un-technical in its language, and calls for the indulgence of a liberal criticism. The intention of the testator in any particular disposition is frequently not to be collected but by a careful examination of the entire clause containing it, and sometimes, indeed, not without a comparison of different clauses. It commences with making a suitable *17 provision for his wife, and it is apparent that the testator had in view the provision which the law would make in case he died intestate, and substitutes for it that which his sense of propriety and the convenience of his estate recommends. In the event of intestacy the claims of the widow would be of three kinds : First, a year’s allowance out of his crop, stock and provisions; secondly, dower in his real estate; and thirdly, a distributive share in his personal property : the two first claims to be' urged immediately on his decease; the last, a claim which could not be pressed before the time which the law allows for settling the estate. With much distinctness of purpose he first makes the year’s allowance, following the several subdivisions of crop, stock, and provisions; then he allots dower, or gives a substitute for it, and lastly, he sets apart to her specifically a share of his personal estate. It is perfectly clear, that the year’s allowance was to be delivered over immediately upon his death, it is made by him as a year’s allowance, in lieu of that made by the law. It is natural to expect, that what is given as dower, or in lieu of dower, should be also given immediately, and upon examining the details of the provision for that purpose, we find much to justify that expectation. The gift in lieu of dower consists of two parts. He first lends to her the use of either of two plantations, for the term of two years and three months after his decease, and then directs, that at the expiration of this term there shall be paid, (the wifi- is -silent as to whom,) the sum of one thousand dollars, half in cash and half in good obligations then due. The limitation of the term for two years and three months is a very- unusual one, and 'prompts the inquiry, what could have'suggested it ? The motive seems to be developed in what follows. In order to raise the. thousand dollars, the . administrator is. autho-rised, as soon after his qualification as time will permit, to sell certain lands which the testator designates, and upon the longest credit that can be given, so as to have the money ready for her use at the expiration of the term so limited. The administrator cannot qualify but in the County Court, and as its terms are quarter yearly, three months might elapse after the death of the testator before *18 qualification, while two years is a reasonable period of credit to enable lands to be sold at a full price, and the vendor to collect half of the purchase money. The duration of the term is then with a view to the ulterior disposition, and is accommodated to the arrangements provided for effectuating that disposition. The term is but a temporary provision, while the receipt or enjoyment of the main gift is deferred. It is in the nature of interest for delay in the payment of principal. The payment of the money given is to take place at the moment when compensation for its detention is to cease. This is not like the cases in which the postponement of payment is because of the age, or person, or character of the legatee ; her fitness to enjoy, her capacity to dispose of, and her right to expect a suitable provision, did in no manner depend upon the contingency of her surviving her husband for two years and three months. The postponement manifestly is for the convenience of the testator’s estate, and on account of the circumstances of the property to be sold for raising the money. The testator imposes it as a duty on the administrator, to sell the lands immediately upon his decease, in order to have the money ready for her when the day of payment shall come, but makes no disposition of the money in case she dies before pay-day. The language, “ to have the money ready for her use immediately upon the expiration of the two years and three months,” is that of one making arrangements for discharging with punctuality a debt certain, then existing, though solvendum in futuro. The omission of an ulterior disposition in the event of her dying before the time of payment, tends to show that the title to the money was not made dependent on that event. The testator closes the clause with this declaration, “ which thousand dollars is to he to her a full satisfaction for and in lieu of her taking thirds out of my lands after the above-mentioned two years and three months.” What thousand dollars does he allude to ? The thousand dollars directed to be raised immediately upon his death by a sale of specific property charged also as a debt upon his whole estate, and to be ready for her at the moment when the use of the thirds loaned shall cease. When is it to be' a satisfaction ? *19 Dower is an immediate right, and "in cases of testacy must be immediately demanded. The widow is to choose between that given by will, and that which she can demand by law, within six months after probate. Not only then, from the words used, but from the purpose in contemplation, the inference is strong, that he intended that she should elect at his death between his gift and a legal provision. It is in satisfaction of. thirds after the term of two years and three months, for during that term “ thirds” (as he terms dower,) is absolutely provided, and should she dissent, it can only be because a satisfactory provision is not made thereafter, and she' could only demand so much in addition to what is unconditionally given, as will make up the full value of legal dower. We are satisfied, from these considerations, that by- the will an immediate gift was made of the legacy,^although its payment was postponed, and declare the legacy vested and not contingent.
A legacy to one of the testator’s next of kin, “ which will include every part of my estate intended for,him,” will not bar his claim to a share of the residue. The cases of Wilson v. High-tower, 3 Hawks, 76, Craven v. Craven, 2 Dev. Eq. Cases, 344, and Redmond v. Coffin, ib. 431, approved.
The advice of the Court is also prayed in relation to the distribution which ought to be made of the residuum of the personal estate, not disposed of by the will. The cases of Craven v. Craven, 2 Dev. Eq. Cas. 344, and Redmond v. Coffin, ib. 437, must be considered as conclusively establishing, that in consequence of the peculiar enactments of our acts of assembly, a widow for whom her husband’s will makes a provision in real or personal estate, must dissent therefrom, or she forgoes and relinquishes all further claims upon his property as widow. ‘ The admistrator of the widow, is therefore not entitled to a share of this undisposed residuum. It must be distributed amongst the next of kin, including James P. Whedbee and James N. Whedbee. They cannot be excluded, however' strongly the testator has expressed his determination to- give them no further part of his estate. Their claim to that with respect to which he died intestate is wholly independent of his intention, and is founded on the statute of distributions. What the testator has left undisposed of, the law must dispose of for him. It is hardly necessary to add, that the legacies given to any of the next of kin, are not to be regarded as advancements. Wilson v. Hightower, 3 Hawks, 76.
A Court of Equity never passes judicially upon accounts involving adversary interests, when the same person represents both parties.
The administrator also prays that it may be ascertained under the sanction of the Court, what is'"justly due from the estate of his testator to Joseph Newby, an infant, to whom the plaintiff is guardian, and accounts hare been taken for the purpose of enabling the Court to ascertain the amount due. The Court, however, must decline to make any declaration with respect to the subject-matter of this prayer. It is against the course of the proceedings to pass judicially upon an account involving adversary interests, where the same person represents both parties, and of course manages both sides of the account. The defendants James P. Whedbee and James N. Whedbee, have asked for the opinion of .the Court upon certain matters not set forth in the bill, and in regard to which, therefore, the Court is not advised of the allegations of the respective parties to this suit. The Court declines to make any declaration thereon.
The case appears to be one in which the administrator had a right to bring the parties before the Court, in order to determine the'questions which embarrassed the settlement of the estate, and therefore the Court declares his costs to be a charge on the assets of that estate.
Pek Cukiam. Decree accordingly.